Alexander Jerome **MILLER**, Appellant,

v.

**STATE of Minnesota, Respondent.**

No. A09–2047.

Supreme Court of Minnesota.

July 18, 2012.

David W. Merchant, Chief Appellate Public Defender, Cathryn Middlebrook, Assistant Public Defender, Saint Paul, MN, for appellant.

Lori Swanson, Attorney General, John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, Saint Paul, MN, for respondent.

OPINION

GILDEA, Chief Justice.

 Appellant Alexander Miller pleaded guilty to intentional second-degree murder of Crystal Marie Lindorff by an *Alford* plea on March 11, 2005.[1] Miller's convic-

---

1. An *Alford* plea is a guilty plea in which a defendant maintains his innocence but pleads guilty because the evidence is sufficient to support a jury's determination of guilt. *See North Carolina v. Alford*, 400 U.S. 25, 28, 32– 33, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *State v. Goulette*, 258 N.W.2d 758, 760–61 (Minn. 1977) (following *Alford* in accepting a guilty plea without admission of guilt).

tion was not reviewed on direct appeal. But, on May 11, 2009, Miller filed this petition for postconviction relief. The postconviction court denied Miller's petition, concluding that it was untimely and meritless. The court of appeals affirmed the dismissal. *Miller v. State*, No. A09–2047, 2010 WL 2813501, at *4 (Minn.App. July 20, 2010). We granted Miller's petition for review.[2] Because we conclude that the postconviction court properly dismissed Miller's untimely petition, we affirm.

Lindorff was strangled to death on November 16, 2004. Miller pleaded guilty to intentional second-degree murder for Lindorff's death but, prior to sentencing, Miller filed a motion in district court to withdraw his guilty plea, arguing that his plea was involuntary. On April 6, 2005, the district court denied the motion, and on April 11, 2005, the court sentenced Miller to 406 months in prison. Miller filed a notice of appeal. But on November 7, 2005, Miller voluntarily dismissed his appeal. As a result of his voluntary dismissal, Miller's conviction has never been reviewed on appeal.

On May 11, 2009, Miller filed this petition for postconviction relief. Among other things, Miller asserted in his petition that he was entitled to relief because his *Alford* plea lacked a sufficient factual basis, his trial counsel was ineffective, and the prosecution committed misconduct. The State Public Defender's Office, on Miller's behalf, filed a supplemental petition arguing that the factual basis for the plea was insufficient and that the Minnesota Constitution entitled Miller to one review of his conviction. The postconviction court denied relief and dismissed the petition as untimely and without merit. The court of appeals affirmed, concluding that because

"any claim based on Miller's guilty plea would arise *no later* than April 6, 2005, the date that the district court denied Miller's motion to withdraw his plea," his claims were untimely. *Miller*, 2010 WL 2813501, at *2. The court of appeals also rejected Miller's constitutional argument. *Id.* at *2–3.

On appeal to our court, Miller argues that the postconviction court erred in dismissing his petition because he satisfied the interests-of-justice exception to the time limit in the postconviction statute. In the alternative, Miller argues that the time limits in Minn.Stat. § 590.01, subd. 4 (2010), are unconstitutional under the Minnesota Constitution. We address each argument in turn.

## I.

In 2005 the Legislature amended the postconviction statute to require that petitions for postconviction relief be filed no more than 2 years after the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1097 (codified at Minn.Stat. § 590.01, subd. 4(a)). It is undisputed that Miller filed his petition beyond the 2–year time limit set forth in subdivision 4(a). Miller's petition therefore is untimely under Minn.Stat. § 590.01, subd. 4(a), and cannot be heard unless he establishes that one of the exceptions in Minn.Stat. § 590.01, subd. 4(b), applies.

Miller argues that his petition satisfies the interests-of-justice exception, which permits petitions that would otherwise be untimely under the general time limit in subdivision 4(a) to proceed if "the petition-

---

**2.** Miller's appeal was consolidated with *Sanchez v. State*, 816 N.W.2d 550 (Minn.2012), for oral argument.

er establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." Minn.Stat. § 590.01, subd. 4(b)(5). But under subdivision 4(c), a "petition invoking an exception provided in [4](b) must be filed within two years of the date the claim arises." *Id.*, subd. 4(c). The court of appeals concluded that Miller's interests-of-justice claim based on his guilty plea arose no later than April 6, 2005, the date the district court denied Miller's motion to withdraw his guilty plea, *Miller*, 2010 WL 2813501, at *2, and Miller makes no contention that this conclusion was erroneous. Because Miller did not file his petition until more than 4 years after his claim arose, his petition is time barred under the plain language of Minn.Stat. § 590.01, subd. 4(c).

But Miller argues that the 2–year time limit in Minn.Stat. § 590.01, subd. 4(c), does not apply to petitions like his that invoke the interests-of-justice exception in subdivision 4(b)(5). We considered and rejected the identical argument in *Sanchez v. State*, 816 N.W.2d 550, 556–58 (Minn.2012), decided today. We held in *Sanchez* that the 2–year time limit in Minn.Stat. § 590.01, subd. 4(c), applies to all of the exceptions under Minn.Stat. § 590.01, subd. 4(b), including the interests-of-justice exception. *Sanchez*, 816 N.W.2d at 556–58. Our opinion in *Sanchez* disposes of Miller's argument that the 2–year time limit in subdivision 4(c) does not apply to Miller's petition invoking the interests-of-justice exception in subdivision 4(b)(5).

In sum, Miller's interests-of-justice claim arose no later than April 6, 2005, and Miller filed this postconviction petition on May 11, 2009, over 2 years after his claim arose. We therefore hold that Miller's postconviction petition is untimely under Minn.Stat. § 590.01, subd. 4(c).

## II.

In the alternative, Miller argues that the postconviction statute, as amended to include the limitations periods, violates the Minnesota Constitution. Specifically, Miller argues that the time limits, as applied to him, unconstitutionally deny him his right to one review of his criminal conviction under the Minnesota Constitution. We fully considered and rejected this argument in our decision in *Carlton v. State. See Carlton v. State*, 816 N.W.2d 590, 610–17 (Minn.2012). Consistent with *Carlton*, we reject Miller's argument.

Miller also argues that the time limits in § 590.01, subd. 4, are unconstitutional under the Minnesota Constitution because they violate the separation of powers doctrine. We fully considered and rejected this argument in our decision in *Sanchez. See Sanchez*, 816 N.W.2d at 563–66. Consistent with *Sanchez*, we reject Miller's argument.

In short, we hold that the time limits in Minn.Stat. § 590.01, subd. 4, were constitutionally applied to Miller's petition.

Affirmed.

PAGE, Justice (dissenting).

For the reasons set forth in my dissent in *Carlton v. State*, 816 N.W.2d 590, 619–20 (Minn.2012), and my dissent in *Sanchez v. State*, 816 N.W.2d 550, 567–68 (Minn. 2012), I respectfully dissent.