*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1379**

Tha Phongvixay, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 9, 2015
Affirmed
Reilly, Judge**

Cottonwood County District Court
File No. 17-K2-96-000393

Cathryn Middlebrook, Chief Appellate Public Defender, Chelsie Willett, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Nicholas Anderson, Cottonwood County Attorney, Windom, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Kirk, Judge; and Reilly, Judge.

## U N P U B L I S H E D   O P I N I O N

**REILLY**, Judge

In this postconviction appeal, appellant Tha Phongvixay argues that he is entitled to withdraw his guilty plea because the district court erred by dismissing his postconviction petition based on the time limits set forth in Minn. Stat. § 590.01, subd. 4 (2012). Because the district court had the authority to consider the time limits, we affirm.

## FACTS

The conduct that formed the basis of appellant's guilty plea occurred over 18 years ago, on October 21, 1996. During the afternoon of October 21, law enforcement responded to a call stating that appellant grabbed a woman by the shirt and pulled her to the ground. Another witness reported a similar incident. When the officers interviewed the victim, she claimed that appellant assaulted her with a knife, hit her, and pushed her. The victim also told officers that appellant threatened her, saying, "You go, you die, you go, you die." Officers arrested appellant, and respondent State of Minnesota charged him with assault in the second degree, in violation of Minn. Stat. § 609.22 (1996).

On April 10, 1997, appellant failed to appear for a pretrial hearing. From the record, it appears that appellant moved to Alaska, where he was found in October 2005. On December 6, 2005, appellant pleaded guilty to an amended charge of terroristic threats, in violation of Minn. Stat. § 609.713, subd. 1 (1996). An interpreter was present at the plea hearing, and appellant confirmed, among other things, that he had reviewed the plea petition with his attorney, that his attorney answered his questions with the assistance of an interpreter, and that he was satisfied with his attorney's representation. At a December 30, 2005 hearing, the district court sentenced appellant to one year and one day in prison, which was stayed, and he was placed on probation for three years.

On May 12, 2014, appellant filed a petition for postconviction relief. In this petition, appellant sought relief because, after leaving the country in 2011 to visit family in Laos, he was denied re-entry to the United States due to his terroristic threats conviction. Appellant's memorandum to the district court in support of his petition

2

addressed Minn. Stat. § 590.01's two-year time-bar and argued that withdrawal of his guilty plea is necessary to correct a "manifest injustice." Appellant claimed that the plea was manifestly unjust because it lacked a sufficient factual basis.

The state submitted only the following response to appellant's postconviction petition, entitled "ANSWER TO PETITION FOR POST-CONVICTION RELIEF":

1. Admits petitioner plead guilty to terroristic threats.

2. Denies that a sufficient factual basis was not taken.

3. Requests numbers 4, 5, 6, 7, 11, 13, 14, 15 and 16 from the Affidavit of [appellant] be stricken as they do not relate to the allegation in the Petition for Post-Conviction Relief.

The state did not raise the two-year time-bar in its answer. The district court summarily denied appellant's postconviction petition as untimely. The district court concluded that the "interests-of-justice" exception to the two-year time-bar was not applicable because "the alleged injustice and the substance of the petition-the accuracy/adequacy of the factual basis-are identical and based on the guilty plea." Appellant challenges that decision.

## D E C I S I O N

"[A] motion to withdraw a guilty plea made after sentencing must be raised in a petition for postconviction relief." *Lussier v. State*, 821 N.W.2d 581, 586 n.2 (Minn. 2012). We review the denial of postconviction relief for an abuse of discretion, reviewing legal conclusions de novo and factual findings for clear error. *Greer v. State*, 836 N.W.2d 520, 522 (Minn. 2013).

3

A person convicted of a crime who claims that the conviction violates his rights under the constitutions or laws of the United States or Minnesota may petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2012). But the petitioner must file the petition within two years of "the entry of judgment of conviction or sentence if no direct appeal is filed." *Id.*, subd. 4(a) (2012). Appellant argues that because the state failed to assert "subdivision 4(c) as a defense, . . . [the two-year time-bar] has been waived." The state concedes that it did not raise the time-bar issue and asks this court to remand the matter so it can "move to amend its Answer to include as a defense the time bar in Minn. Stat. § 590.01, subd. 4(c)." The state also asserts that, after it amends its answer, the district court should then deny appellant's petition as time-barred.

Appellant correctly notes that the statute of limitations in section 590.01 is not jurisdictional and is thus subject to waiver. In *Carlton v. State*, the Minnesota Supreme Court addressed whether the time limitations found in Minn. Stat. § 590.01 operate as a jurisdictional bar or whether the state's failure to raise the timeliness argument constituted a waiver of the statute-of-limitations defense. 816 N.W.2d 590, 600-01 (Minn. 2012). In *Carlton*, the state did not argue the two-year statute of limitations in its response to the postconviction petition, and, unlike the case at hand, the district court did not consider whether the postconviction petition was time-barred. *Id.* at 600. In concluding that the statute of limitations in Minn. Stat. § 590.01, subd. 4(c), is not jurisdictional, the supreme court compared Minnesota's postconviction statute to the "analogous setting of federal habeas corpus petitions." *Id.* at 603. The supreme court noted that the time-limit language found in Minnesota's postconviction statute is similar

4

to the "period of limitations" language used in the federal habeas corpus context. *Id.* The supreme court also considered and relied on caselaw addressing federal habeas corpus petitions in considering and applying equitable principles to the limitations period. *Id.* at 605. Ultimately, the supreme court concluded that the state's failure to assert that the petition was untimely waived the defense and went on to consider whether an interests-of-justice exception permitted the consideration of the petition's merits. *Id.* at 606-07.

Because we have found no Minnesota caselaw that controls the facts of this case, we turn to federal caselaw. The Minnesota Supreme Court has long recognized the similarities between federal habeas corpus petitions and state postconviction petitions. *See Gassler v. State*, 787 N.W.2d 575, 590 n.2 (Minn. 2010) (citing *Townsend v. State*, 646 N.W.2d 218, 222 (Minn. 2002)). In *Day v. McDonough*, the Supreme Court addressed whether a federal court of appeals has the authority, but not the obligation, to address the timeliness of a state prisoner's federal habeas petition on the court's own initiative. 547 U.S. 198, 201, 126 S. Ct. 1675, 1679 (2006). In *Day*, the petitioner filed for federal habeas corpus relief, and a magistrate judge found the petition "proper" and ordered the state to file an answer. *Id.* The state's answer and attachments indicated that it incorrectly calculated the controlling time limits and, therefore, the state did not raise or argue the one-year time limitation for filing a habeas petition. *Id.* A different magistrate judge noticed the error and ordered the petitioner to show cause why his federal habeas petition should not be dismissed as untimely. *Id.* at 204, 126 S. Ct. at 1680. The

magistrate judge determined that the postconviction petition did not overcome the time-bar, and the petition was subsequently dismissed by the district court. *Id.*, 126 S. Ct. at 1681.

In addressing the district court's sua sponte application of the one-year time-bar, the Supreme Court noted that the magistrate judge "instead of acting *sua sponte*, might have informed the State of its obvious computation error and entertained an amendment to the State's answer." *Id.* at 209, 126 S. Ct. at 1683. The Court ultimately concluded, though, that district courts are permitted to sua sponte consider the timeliness of a habeas corpus petition. *Id.*, 126 S. Ct. at 1684. The Court also noted that before a court acts on its own initiative it must give parties "fair notice and an opportunity to present their positions," assure that the petitioner is "not significantly prejudiced by the delay[]," and determine whether the "interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Id.* at 210, 126 S. Ct. at 1684. *But see Wood v. Milyard*, 132 S. Ct. 1826, 1829 (2012) (holding the court of appeals abused its discretion when it dismissed a habeas petition as untimely when the state deliberately waived the statute-of-limitations defense).

Here, considering the holding of *Day* and the *Carlton* court's comparison of postconviction petitions to federal habeas petitions, the district court did not abuse its discretion when it considered the two-year time-bar. Appellant's memorandum in support of his petition for postconviction relief addressed the postconviction statute of limitations and argued an exception to it. In his memorandum, appellant claimed that even when a postconviction petition is untimely, the district court may consider the

petition when "the petition is not frivolous and is in the interests of justice." The state's response to appellant's postconviction petition did not address the time-bar or the interests-of-justice exception. Although it is not clear why the state did not argue the time-bar defense, this court cannot find that the state deliberately waived the defense.

Furthermore, many of the concerns with a district court's decision to sua sponte consider affirmative defenses not raised by a respondent are not present here. *See Loppe v. Steiner*, 699 N.W.2d 342, 347 (Minn. App. 2005) (taking into account "surprise and fairness" when determining whether a defense qualifies as an affirmative defense). It was clear that the postconviction petition was untimely, and appellant accordingly argued at the district court why an exception should apply. And appellant did not request an evidentiary hearing on the postconviction petition. Under the facts of this case, no undue prejudice or surprise resulted from the district court's consideration of the time requirements found in Minn. Stat. § 590.01.

We next turn to whether the district court properly applied the time limitations of section 590.01, subdivision 4. Generally, if no direct appeal is filed, a person must file a petition for postconviction relief within two years of "the entry of judgment of conviction or sentence." Minn. Stat. § 590.01, subd. 4(a). Here, appellant's conviction became final in December 2005. Thus, he had until December 2007 to timely file a postconviction petition under subdivision 4(a). His petition is clearly untimely under the general time-bar and therefore must first meet one of the exceptions before this court can consider the merits. The merits of an untimely petition may be considered if it meets one of five

exceptions—including the interests-of-justice exception—and is "filed within two years of the date the claim arises." Minn. Stat. § 590.01, subd. 4(b), (c).

Under the interests-of-justice exception, a district court may consider a postconviction petition if the petitioner establishes "that the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b)(5). The interests-of-justice exception is reserved for exceptional cases. *Gassler*, 787 N.W.2d at 587.

The supreme court has "made clear" that "the interests-of-justice referred to in [subdivision 4] relate to the *reason* the petition was filed after the 2-year time limit in subdivision 4(a), not the *substantive claims* in the petition." *Sanchez v. State*, 816 N.W.2d 550, 557 (Minn. 2012) (emphasis in original). A petition invoking the interests-of-justice exception must be filed within two years of when the "interests-of-justice" claim arises. *Id.* at 556-57. A petitioner's claim "arises when the petitioner knew or should have known that he had a claim." *Id.* at 560. This is an objective, rather than a "subjective, actual knowledge standard." *Id.* at 558.

Appellant's interests-of-justice exception asserts that the factual basis was inadequate to support a terroristic threats conviction. Thus, this interests-of-justice exception claim arose on the date appellant pleaded guilty—December 6, 2005. *See Miller v. State*, 816 N.W.2d 547, 549 (Minn. 2012) (affirming the district court's determination that appellant's interests-of-justice claim based on an invalid plea arose no later than the date the district court denied appellant's motion to withdraw his guilty plea).

8

Here, there was no newly discovered evidence or change in the law that caused appellant to miss the two-year time limit in subdivision 4(c). Thus, appellant had until December 6, 2007, to timely file for relief under the interests-of-justice exception. Accordingly, the district court did not err when it found that appellant's May 12, 2014 petition did not comply with the time requirements found in subdivision 4(c). *See Sanchez*, 816 N.W.2d at 557 ("When the only injustice claimed is identical to the substance of the petition, and the substance of the petition is based on something that happened before or at the time a conviction became final, the injustice . . . is not the type of injustice contemplated by the interests-of-justice exception in subdivision 4(b)(5)."). Because appellant cannot establish an exception to the two-year time-bar found in Minn. Stat. § 590.01, subd. 4(a), the district court did not abuse its discretion in denying appellant's petition for postconviction relief.

Finally, appellant contends that his petition was nevertheless timely filed under Minn. R. Crim. P. 15.05. Minnesota Rule of Criminal Procedure 15.05, subdivision 1, provides that a defendant may withdraw a guilty plea upon a timely motion and proof that withdrawal is necessary to correct a manifest injustice. Rule 15.05 allows a defendant to withdraw a guilty plea at "any time" if the withdrawal is needed to correct a "manifest injustice." But because a motion to withdraw a guilty plea must be made in a postconviction petition, the plea withdrawal is subject to the timeliness requirements of section 590. 01. *See Lussier*, 821 N.W.2d at 586 n.2 ("[A] motion to withdraw a guilty plea made after sentencing must be raised in a petition for postconviction relief and the timeliness of such a motion is treated the same as the manner in which delays in filing

9

petitions for postconviction relief are treated.").  Because appellant's petition is untimely under section 590.01, his request to withdraw his guilty plea under rule 15.05 is also untimely.

**Affirmed.**