**Ronald Lewis GREER, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**Nos. A12–1464, A12–2346.**

Supreme Court of Minnesota.

Sept. 4, 2013.

---

Zachary A. Longsdorf, Longsdorf Law Firm, PLC, Lake Elmo, MN, for appellant.

Lori Swanson, Attorney General, Saint Paul, MN, Michael O. Freeman, Hennepin

County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, MN, for respondent.

## OPINION

WRIGHT, Justice.

Appellant Ronald Lewis Greer seeks postconviction relief from his convictions arising out of the July 26, 1998, shooting death of K.B. Greer filed a petition for postconviction relief on May 4, 2012, and filed another petition on August 13, 2012. After the postconviction court denied the petitions without evidentiary hearings, Greer appealed.[1] Because the postconviction court did not err by summarily denying Greer's petitions, we affirm.

K.B. was shot to death just after midnight on July 26, 1998, near the intersection of Lake Street and Bloomington Avenue in south Minneapolis.[2] Several witnesses implicated Greer in the shooting. Greer was arrested in Detroit, Michigan, several weeks after K.B.'s murder, and a Hennepin County grand jury subsequently indicted him for first—and second-degree murder. The case proceeded to trial, during which Greer testified. Greer was found guilty and convicted of first- and second-degree murder.

Greer appealed. We remanded the case to the chief judge of the Fourth Judicial District for proceedings to determine the nature and effect of ex parte contacts between the district court judge and the jury. *State v. Greer (Greer I)*, 635 N.W.2d 82, 85 (Minn.2001). On remand, the chief judge granted Greer a hearing and subsequently denied Greer's motion for a new trial. Greer again appealed. He argued that the district court abused its discretion by summoning and questioning only six of the twelve jurors who deliberated at trial. *State v. Greer (Greer II)*, 662 N.W.2d 121, 123 (Minn.2003). We rejected Greer's argument and affirmed Greer's convictions on May 29, 2003. *Id.* at 122. In 2004, we affirmed the district court's summary denial of Greer's first petition for postconviction relief, in which Greer raised a claim of judicial bias. *Greer v. State (Greer III)*, 673 N.W.2d 151, 154 (Minn.2004). We concluded that the denial of Greer's petition was not an abuse of discretion because his judicial-bias claim was barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). *Greer III*, 673 N.W.2d at 157.

Greer next filed petitions for postconviction relief on May 4, 2012, and August 13, 2012, respectively. These petitions are the subject of the instant appeal. In his May 4, 2012, postconviction petition, Greer alleged that he was denied effective assistance of appellate counsel because his appellate counsel failed to raise numerous claims on direct appeal, failed to consult with Greer regarding the issues to be raised on direct appeal, and failed to timely advise Greer of the right to file a pro se supplemental brief. In response, the State argued that Greer's petition was both time-barred and without merit. The post-

---

1. We consolidated Greer's appeal from the postconviction court's order denying his May 4, 2012, petition (Case No. A12–1464) and Greer's appeal from the postconviction court's order denying his August 13, 2012, petition (Case No. A12–2346) by order of August 19, 2013, *Greer v. State*, Order (Minn. filed Aug. 19, 2013).

2. A thorough discussion of the facts surrounding the death of K.B. and the facts related to Greer's arrest, trial, and conviction is set forth in *State v. Greer (Greer I)*, 635 N.W.2d 82 (Minn.2001). We limit the facts addressed here to those that are relevant to this appeal.

conviction court denied the petition without an evidentiary hearing, concluding that Greer's petition was time-barred. In an alternative holding, the postconviction court ruled that Greer's ineffective-assistance-of-appellate-counsel claims failed on the merits.

In his August 13, 2012, postconviction petition, Greer argued that he was entitled to a new trial based on newly-discovered evidence that his trial testimony was false. The State responded that Greer's petition was time-barred, *Knaffla*-barred, and without merit. Concluding that Greer's August 13, 2012, postconviction petition was untimely, the postconviction court summarily denied Greer's requested relief.

■ We review the denial of postconviction relief for an abuse of discretion. *Reed v. State,* 793 N.W.2d 725, 729 (Minn. 2010). In doing so, we review the postconviction court's legal conclusions de novo, *see Davis v. State,* 784 N.W.2d 387, 390 (Minn.2010), and its findings of fact for clear error, *see Doppler v. State,* 771 N.W.2d 867, 875 (Minn.2009).

■ A person convicted of a crime "may commence a proceeding to secure [postconviction] relief by filing a petition in the district court in the county in which the conviction was had." Minn.Stat. § 590.01, subd. 1 (2012). A petitioner is entitled to an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2012). For relief to be granted, the allegations raised in a petition for postconviction relief must be " 'more than argumentative assertions without factual support.' " *State v. Caldwell,* 803 N.W.2d 373, 388 (Minn.2011) (quoting *Doppler,* 771 N.W.2d at 871). When a petitioner "alleges facts that, if true, are le-

gally insufficient to entitle him to the requested relief," the postconviction court need not hold an evidentiary hearing. *Bobo v. State,* 820 N.W.2d 511, 517 (Minn. 2012) (citing *Spann v. State,* 740 N.W.2d 570, 572 (Minn.2007)).

The time for filing a petition for postconviction relief is limited by Minn.Stat. § 590.01, subd. 4(a) (2012). For petitioners such as Greer, whose convictions became final before August 1, 2005, the deadline for filing a petition for postconviction relief was July 31, 2007. Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1098. For these petitioners, a petition for postconviction relief filed after July 31, 2007, may be deemed untimely unless the petition invokes one of the exceptions set forth in Minn.Stat. § 590.01, subd. 4(b) (2012). One such exception is the interests-of-justice exception, which requires the petitioner to "establish[ ] to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." *Id.,* subd. 4(b)(5). A petition invoking the interests-of-justice exception "must be filed within two years of the date the claim arises." Minn.Stat. § 590.01, subd. 4(c) (2012). The determination of when the two-year time limitation of Minn. Stat. § 590.01, subd. 4(c), begins to run is based on an objective standard. *Sanchez v. State,* 816 N.W.2d 550, 558–60 (Minn. 2012).

■ Greer's convictions became final before August 1, 2005. Greer had, therefore, until July 31, 2007, to file a timely petition for postconviction relief. The petitions Greer filed in May 2012 and August 2012 were brought approximately five years after the deadline in subdivision 4(a) had expired. Greer's petitions, however, invoked the interests-of-justice exception to the statute of limitations, Minn.Stat. § 590.01, subd. 4(b)(5).[3]

The State asserts that, even if Greer could satisfy an exception in Minn.Stat. § 590.01, subd. 4(b), he failed to file his petitions invoking an exception within the two-year time limitation of Minn.Stat. § 590.01, subd. 4(c). In response, Greer urges us to overrule our decision in *Sanchez* and to apply a subjective standard when determining when the two-year time limitation of Minn.Stat. § 590.01, subd. 4(c), begins to run because, Greer argues, applying an objective standard leads to "unduly harsh" results. Having rejected in *Sanchez,* 816 N.W.2d at 558–60, the argument that a subjective standard applies under Minn.Stat. § 590.01, subd. 4(c), we are not persuaded. Section 590.01, subdivision 4(c), remains unchanged since our decision. *Cf. State v. Lee,* 706 N.W.2d 491, 494 (Minn.2005) (stating that we are "extremely reluctant to overrule our precedent" and that "we have required a 'compelling reason' to do so" (quoting *Oanes v. Allstate Ins. Co.,* 617 N.W.2d 401, 406 (Minn.2000))). We, therefore, decline Greer's invitation to overrule our precedent.

Greer does not assert that, when applying an objective standard, his petitions are timely under Minn.Stat. § 590.01, subd. 4(c). Assuming the facts alleged in Greer's petitions are true and applying an objective standard, it is evident that

Greer's interests-of-justice claims arose more than two years before he filed his petitions for postconviction relief. Accordingly, Greer's petitions are time-barred. Minn.Stat. § 590.01, subd. 4(c). The postconviction court did not abuse its discretion by summarily denying Greer's petitions.[4]

Affirmed.

---

3. Greer also relied on the newly-discovered-evidence exception, Minn.Stat. § 590.01, subd. 4(b)(2), to bring his August 13, 2012, petition beyond the limitations period. This argument is waived, however, because Greer failed to address this exception in his arguments before us. *See Melina v. Chaplin,* 327 N.W.2d 19, 20 (Minn.1982) (stating that issues not briefed on appeal "must be deemed waived").

4. Greer argues for the first time that the doctrine of equitable tolling applies with respect to both of the petitions before us. Therefore,

Greer urges, the petitions should be considered on their merits even if they are otherwise time-barred. Because Greer did not make an equitable tolling argument before the postconviction court, the issue is not properly before us and we decline to address this argument on the merits. *Brocks v. State,* 753 N.W.2d 672, 676 (Minn.2008) (holding that issue not raised before the postconviction court was forfeited for the purposes of appeal); *Powers v. State,* 731 N.W.2d 499, 502 (Minn.2007) (declining to address issue that was not raised in the postconviction court).