*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0459**

Royal Jay Toney, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 17, 2014
Affirmed
Smith, Judge**

Hennepin County District Court
File No. 27-CR-11-38023

Seth B. Cobin, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Worke, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SMITH**, Judge

We affirm the district court's denial of appellant's petition for postconviction relief where the district court excluded evidence that was not probative of truthfulness

because appellant did not establish a reasonable probability of falsity. Therefore, the district court did not abuse its discretion.

## FACTS

On December 6, 2011, a motorist, J.K., reported to law enforcement that appellant Royal Jay Toney, while driving, pointed a gun at him and his daughter. When police located Toney, they found a firearm in his car. The state charged Toney with two counts of second-degree assault.

At a pretrial hearing, Toney sought to admit into evidence various past reports J.K. made to police on other matters as probative of J.K.'s character for truthfulness. Toney contended that the reports demonstrated a pattern of placing unnecessary calls to police and making unsubstantiated claims. The district court concluded that all of the reports were irrelevant and inadmissible, except for the reports of two separate incidents.

After trial, the jury found Toney guilty of both counts of second-degree assault. On January 10, 2014, Toney petitioned for postconviction relief, arguing that the district court's exclusion of the evidence violated his rights to present a complete defense and to confront his accusers. Toney argued that the excluded reports to police were probative of J.K.'s character for truthfulness and necessary evidence for Toney to present the defense that J.K. falsely accused him of brandishing a gun, which was only coincidentally corroborated by the gun in Toney's possession. The postconviction court summarily denied Toney's petition, concluding that the evidence was not relevant under Minnesota Rules of Evidence 608(b) and 404.

**DECISION**

Toney argues that the postconviction court abused its discretion by denying his petition for postconviction relief because the district court denied his motion to admit records of J.K.'s history of police calls, which was integral to his ability to present a complete defense and to confront his accusers through full cross-examination. "We review the denial of postconviction relief for an abuse of discretion," reviewing issues of law de novo and issues of fact for clear error. *Greer v. State*, 836 N.W.2d 520, 522 (Minn. 2013).

**I.**

"A defendant has the constitutional right to present a complete defense." *State v. Atkinson*, 774 N.W.2d 584, 589 (Minn. 2009). The rules of evidence serve as a limit on that right, preventing the defendant from admitting evidence that would confuse or mislead a jury. *Id.* We defer to a district court's evidentiary rulings and will not overturn them without first finding a clear abuse of discretion. *State v. Cram*, 718 N.W.2d 898, 903-04 (Minn. 2006). When such an abuse of discretion exists, we will not grant relief if the verdict was "surely unattributable to the error." *Id.* at 904 (quotation omitted).

While prior false accusations may be admissible, such statements are admissible only when there is an indication that the prior statements were false. *State v. Goldenstein*, 505 N.W.2d 332, 340 (Minn. App. 1993) ("[T]he trial court must first make a threshold determination outside the presence of the jury that a reasonable probability of falsity exists."), *review denied* (Minn. Oct. 19, 1993). The burden is upon the proponent of the evidence to establish admissibility, which here requires a reasonable probability of

falsity. *See Goeb v. Tharaldson*, 615 N.W.2d 800, 816 (Minn. 2000) (holding that the proponent of scientific evidence has the burden of establishing its admissibility by establishing the relevant requirements). A conclusory allegation of falsity by the proponent of the evidence, such as the one made here, is insufficient to satisfy this burden. The record does not demonstrate that the reports contained assertions, or even mere suspicions, from law enforcement that J.K. provided false information, and J.K. has never been charged with or convicted of making a false report. Without any showing of falsity, the district court acted within its discretion when it denied Toney's motion to admit the evidence because the reports were not probative of whether J.K. falsely accused Toney. Therefore, the postconviction court did not abuse its discretion by denying Toney's petition for postconviction relief.

## II.

We review a district court's evidentiary rulings that may have violated a defendant's right of confrontation for an abuse of discretion. *State v. Yang*, 774 N.W.2d 539, 552 (Minn. 2009). "If we conclude that a violation did occur, we will review the error to determine if it was harmless beyond a reasonable doubt. An error is harmless beyond a reasonable doubt if the verdict actually rendered is surely unattributable to the error." *Id.* at 552-53 (quotations and citations omitted).

A defendant has the constitutional right to confront the witnesses against him at trial through cross-examination; however, the right may be limited "so long as the jury is presented with sufficient information from which to appropriately draw inferences as the witness's reliability." *Id.* at 553. Rulings on the relevancy of evidence are within the

4

discretion of the district court. *Caldwell v. State*, 347 N.W.2d 824, 826 (Minn. App. 1984).

Toney argues that by excluding J.K.'s prior reports to police, the district court denied his Sixth Amendment right to confront his accusers because he was unable to impeach the witnesses who testified that Toney pointed a gun at them in traffic. Toney's argument again fails because he did not produce any evidence to suggest that J.K.'s prior reports to police were false and therefore relevant to the witnesses' credibility. With each incident proffered, the district court gave Toney the opportunity to explain how it went to J.K.'s trait for untruthfulness and argue its falsity. The district court did not find any of the reports relevant because Toney could not establish that J.K. made any false reports. The postconviction court agreed, concluding:

> Nothing in the record shows that J.K.'s prior reports to police were proved false. Simply advancing that a witness has reported innocuous incidents to police does not tend to show that the witness lied in making those reports. Therefore, [Toney] lacks foundation for admittance of the reports under Rule 608(b), because J.K.'s prior reports to police do not make it more or less likely that J.K. is truthful, and the reports are not relevant to whether J.K. accurately testified to [Toney]'s brandishing of a gun on Highway 169.

Because Toney did not establish a reasonable probability that the reports were false, the district court correctly determined that the proffered reports were inadmissible under Minnesota Rule of Evidence 608(b), and the postconviction court did not abuse its discretion by denying Toney's petition for postconviction relief.

For the foregoing reasons, we affirm Toney's conviction.

**Affirmed.**