*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0820**

Benard Nyangate Mauti, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 26, 2015
Affirmed
Bjorkman, Judge**

Anoka County District Court
File No. 02-CR-07-266

David L. Wilson, Erica E. Davis, Anna Scholl, Wilson Law Group, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Carl J. Newquist, Gregg V. Herrick, Sarah M. Kimball, Newquist Herrick & Kimball law Offices, P.C., Fridley, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Halbrooks, Judge; and Connolly, Judge.

## UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges the district court's denial of postconviction relief, arguing that he should be permitted to withdraw his 2007 guilty plea to domestic assault because

he was not accurately advised as to the immigration consequences of his conviction.  We affirm.

**FACTS**

Appellant Benard Mauti is a citizen of Kenya and has resided in the United States as a lawful permanent resident since 2003.  He pleaded guilty to domestic assault in September 2007.  In May 2013, the U.S. Department of Homeland Security commenced removal proceedings against Mauti based on the domestic-assault conviction.  The following February, Mauti petitioned for postconviction relief, seeking to withdraw his guilty plea.  Mauti asserted that his plea was not intelligent because he was not advised of the immigration consequences of his conviction.  And he argued that his petition should be reviewed in the interests of justice because he timely filed it once he learned of those consequences.  The district court denied the petition as untimely.  Mauti appeals.

**D E C I S I O N**

We review the denial of a petition for postconviction relief for an abuse of discretion.  *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007).  We will not reverse findings of fact unless they are clearly erroneous.  *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012).  But we review issues of law de novo.  *Id.*

A person seeking postconviction relief must file a petition within two years of "the entry of judgment of conviction or sentence."  Minn. Stat. § 590.01, subd. 4(a) (2014).  A district court may hear a petition filed after that deadline only if the petitioner establishes that exceptional circumstances prevented him from filing within the two-year time limit.  *See id.*, subd. 4(b) (2014) (listing five exceptions).  The petitioner also must establish that

he timely filed the petition in response to those circumstances. *See id.*, subd. 4(c) (2014) (establishing two-year time limit for exceptions). When the petitioner invokes the interests-of-justice exception, he must demonstrate that he filed his petition within two years of when he "knew or should have known" he had an interests-of-justice claim. *Sanchez v. State*, 816 N.W.2d 550, 558-60 (Minn. 2012).

Without deciding the merits of Mauti's petition, the district court determined that Mauti's petition is untimely because he should have known in September 2007 that he was pleading guilty to an offense for which he could be deported. *See* 8 U.S.C. § 1227(a)(2)(E)(i) (2006) ("Any alien who at any time after admission is convicted of a crime of domestic violence . . . is deportable."). Mauti argues that deeming him to have known that law when his counsel advised him that he would not be deported violates his right to effective assistance of counsel. We are not persuaded.

First, Mauti essentially challenges the objective "knew or should have known" rule that the supreme court articulated in *Sanchez* for when an interests-of-justice claim arises. Our supreme court has expressly declined to abandon *Sanchez* in favor of a subjective rule. *Greer v. State*, 836 N.W.2d 520, 523 (Minn. 2013). And to the extent Mauti suggests we apply a subjective rule in this case based on the holding in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2009), that the right to counsel includes the right to be informed about the deportation consequences of a guilty plea, that result is foreclosed by our supreme court's holding that *Padilla* does not apply retroactively. *See Campos v. State*, 816 N.W.2d 480, 499 (Minn. 2012). It is not our role to overturn either *Sanchez* or

*Campos*.  *See State v. Grigsby*, 806 N.W.2d 101, 114 (Minn. App. 2011), *aff'd*, 818 N.W.2d 511 (Minn. 2012).

Second, even if Mauti's interests-of-justice claim were timely, his petition does not present the type of claim justifying review under the interests-of-justice exception. The supreme court has explained that the "interests of justice" referred to in subdivision 4(b)(5) relate to the reason the petition was filed after the two-year time limit in subdivision 4(a)—the "injustice that *caused* the petitioner to miss th[at] primary deadline." *Sanchez*, 816 N.W.2d at 557. This requires a showing separate from the substance of the petition:

> When the only injustice claimed is identical to the substance of the petition, and the substance of the petition is based on something that happened before or at the time a conviction became final, the injustice simply cannot have caused the petitioner to miss the 2-year time limit in subdivision 4(a), and therefore is not the type of injustice contemplated by the interests-of-justice exception in subdivision 4(b)(5).

*Id.* Mauti's interests-of-justice claim does not comport with this standard.

The substance of Mauti's postconviction claim is that his plea was not intelligent because he was not accurately advised of the potential immigration consequences of his conviction. Mauti asserts that this claim should be reviewed in the interests of justice because his attorney's inaccurate advice kept him from knowing the immigration consequences of his conviction until 2013, well after the deadline for seeking postconviction relief. We disagree. Any distinction between the initial omission or misinformation that rendered his plea unintelligent and his continued ignorance of the

4

immigration consequences is artificial. Even if Mauti's attorney misinformed him that his conviction would not have immigration consequences, that injustice is the very conduct that forms the basis for his plea-withdrawal request; it did not *cause* Mauti's delay in filing for postconviction relief. In sum, Mauti does not present an injustice of the type contemplated by the interests-of-justice exception.

Moreover, while Mauti may not have received the required immigration-consequences advisory, our careful review of the record does not convince us that letting his conviction stand is unjust. The interests-of-justice exception applies only in truly "exceptional situations." *Gassler v. State*, 787 N.W.2d 575, 586-87 (Minn. 2010). And "under certain circumstances the *reversal* of a conviction may seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Id.* The record reveals that Mauti voluntarily pleaded guilty and provided a factual basis for admitting the offense, despite knowing that it would have negative collateral consequences for him. *Cf. Campos*, 816 N.W.2d at 498-99 (noting that when defendant pleads guilty, guilt is established through his own admission, so failure to advise defendant of immigration consequences, while ineffective assistance, does not present "risks of inaccurate convictions or fundamental procedural unfairness"). Permitting Mauti to withdraw that plea more than seven years later would unjustly impair the state's ability to prosecute the offense. Such a result is not in the interests of justice.

On this record, we conclude the district court did not abuse its discretion by denying Mauti's untimely postconviction petition.

**Affirmed.**