*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2026**

Jerome Avriell Smith, Petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 18, 2015
Affirmed
Ross, Judge**

Hennepin County District Court
File No. 27-CR-11-39884

Jerome Avriell Smith, Minneapolis, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Elizabeth R. Johnston, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Ross, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

A Hennepin County jury convicted Jerome Smith of being an ineligible person possessing a firearm. Smith unsuccessfully appealed his conviction, and he then unsuccessfully petitioned for postconviction relief. We affirm the postconviction court's

denial of Smith's petition because all but one of his claims are procedurally barred and his asserted facts do not support the remaining claim.

## FACTS

Minneapolis police searched an alleyway trash can in December 2011 and found traces of cocaine. The officers obtained a warrant to search the home associated with the can. Jerome Smith resided there. Police searched Smith's home and found a shoebox containing a loaded handgun. They also found mail addressed to Smith near the gun. Hennepin County charged Smith with being an ineligible person possessing a firearm. *See* Minn. Stat. § 624.713 (2010). A jury found Smith guilty of the charge, and the district court sentenced him to 60 months in prison.

Smith appealed his conviction. He argued that the circumstantial evidence was insufficient to convict him, and he argued that the district court wrongly admitted evidence that certain state witnesses were members of the Violent Offender Task Force and that the gun was found loaded and ready to fire. We affirmed his conviction. *See State v. Smith*, No. A13-0003, 2013 WL 6839669 (Minn. App. Dec. 30, 2013), *review denied* (Minn. Mar. 18, 2014).

Smith then petitioned for postconviction relief, and the district court's denial of that petition is the subject of this appeal. Smith's petition asserts that the trash-can search violated his Fourth Amendment right not to be subjected to warrantless searches, that the state's witnesses lied on the stand, and that both his trial and appellate counsel provided him constitutionally deficient assistance.

2

The postconviction court conducted no hearing and held that all but one of Smith's claims are procedurally barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Specifically, the court reasoned that Smith's Fourth Amendment, perjury, and ineffective assistance of trial counsel claims were barred because these claims were either raised in the direct appeal or known to Smith at that time but not raised. Although the postconviction court held that the ineffective assistance of appellate counsel claim survived *Knaffla*, it rejected the claim on the merits. It reasoned that Smith had demonstrated neither that his appellate counsel's performance fell below an objective standard of reasonableness nor that there is any reasonable chance that his appeal would have succeeded but for the asserted errors. The postconviction court therefore denied Smith's requests for relief without a hearing.

Smith appeals.

## DECISION

Smith argues that all of his postconviction claims should survive *Knaffla* and that they merit relief. The argument fails. The district court was authorized to deny Smith's postconviction petition without a hearing if the petition and record conclusively show that Smith is not entitled to relief. *See* Minn. Stat. § 590.04, subd. 1 (2014). We review the district court's denial of a petition for postconviction relief for an abuse of discretion. *Greer v. State*, 836 N.W.2d 520, 522 (Minn. 2013). We see no abuse of discretion.

Smith challenges the postconviction court's conclusion that three of his claims are barred by *Knaffla*. A postconviction petitioner is not entitled to relief for claims that he raised in his direct appeal or claims that he did not raise but either knew about or should

have known about when he directly appealed. *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. The postconviction court correctly rejected Smith's perjury claim as barred because Smith knew about the alleged testimonial discrepancies and cited them when he questioned the sufficiency of the evidence during his direct appeal. *See Smith*, 2013 WL 6839669, at *4. And it correctly rejected the Fourth Amendment and ineffective assistance of trial counsel claims under *Knaffla* because they rest on assertions that were either known or should have been known to Smith when he appealed. The *Knaffla* rule has two exceptions, *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007), but we need not discuss them because Smith does not argue that either applies. Because Smith did not raise these claims in his direct appeal, he cannot successfully raise them in his postconviction petition.

The postconviction court accurately recognized that Smith's only claim to survive *Knaffla* is his ineffective assistance of appellate counsel claim. An ineffective appellate counsel claim is of course not barred under *Knaffla* because the directly appealing defendant could not have known until some point during or after his direct appeal that his appellate counsel provided ineffective assistance. *Schneider v. State*, 725 N.W.2d 516, 521 (Minn. 2007). The district court therefore appropriately considered the merits of Smith's ineffective appellate counsel claim.

But the court also correctly rejected the claim on the merits without a hearing. To receive an evidentiary hearing on this claim, Smith had to allege facts that, if proven by a preponderance of the evidence, would satisfy a two-prong test. *See Bobo v. State*, 820 N.W.2d 511, 516 (Minn. 2012). He first must allege facts showing that his appellate

4

counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 2064 (1984). He next must demonstrate that, but for his counsel's objectively unreasonable performance, the outcome would likely have been different. *Id.* at 694, 104 S. Ct. 2052, 2068. Smith rests this claim on his assertion that his appellate attorney failed to properly raise the three claims that are now barred.

Although Smith's attorney in his direct appeal did not raise the Fourth Amendment and ineffective assistance of trial counsel claims, the omission was not a deficiency. Smith's attorney was not required to raise every conceivable claim on direct appeal, and "counsel need not raise a claim if she could have legitimately concluded that it would not prevail." *Arredondo v. State*, 754 N.W.2d 566, 571 (Minn. 2008) (quotation omitted). The Fourth Amendment trash-search claim would never have prevailed because a defendant has no constitutionally protected expectation of privacy in the contents of refuse deposited in his garbage can. *State v. Oquist*, 327 N.W.2d 587, 591 (Minn. 1982). The ineffective trial counsel claim also would not have prevailed because Smith's trial attorney similarly cannot be faulted for failing to pursue the futile trash-search challenge. *See Schneider*, 725 N.W.2d at 521 ("[T]o prevail on [an] ineffective assistance of appellate counsel claim [an appellant] must first show that his trial counsel was ineffective."). Smith's appellate counsel did include on direct appeal Smith's third claim—the alleged perjury of the state's witnesses. And Smith fails to argue how his appellate attorney's performance in pursuing this claim was deficient.

We are satisfied that the district court correctly concluded that Smith's postconviction petition and record conclusively show that Smith is entitled to no relief.

**Affirmed.**