STATE OF MINNESOTA

IN SUPREME COURT

A15-1205

Wright County                                                                                    Wright, J.

Keith Richard Rossberg,

              Appellant,

vs.                                                                              Filed:  February 10, 2016
                                                                                 Office of Appellate Courts
State of Minnesota,

              Respondent.

_____

Keith Richard Rossberg, Stillwater, Minnesota, pro se.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Thomas N. Kelly, Wright County Attorney, Greg T. Kryzer, Assistant Wright County Attorney, Buffalo, Minnesota, for respondent.

_____

S Y L L A B U S

1.      The postconviction judge erred by ruling on appellant's motion to disqualify the postconviction judge for cause rather than referring the motion to the chief judge of the judicial district.

2.      The failure to refer appellant's disqualification motion to the chief judge was harmless in this case because the motion lacked merit.

1

3. Because it is undisputed that appellant's postconviction petition was submitted to the court without factual support, the postconviction court did not abuse its discretion by denying both appellant's request for additional time to file an addendum to the petition and appellant's petition.

Affirmed.

Considered and decided by the court without oral argument.

O P I N I O N

WRIGHT, Justice.

This appeal arises from appellant Keith Richard Rossberg's petition for postconviction relief. Rossberg challenges the denial of his motion to disqualify the postconviction judge, the denial of his request for additional time to file an addendum to his petition, and the denial of his petition. We conclude that the postconviction judge erred by ruling on the disqualification motion rather than referring the motion to the chief judge of the judicial district. The error was harmless, however, because Rossberg's motion failed to allege facts that supported disqualification. Because it is undisputed that Rossberg's postconviction petition was submitted without factual support, we further conclude that the postconviction court did not abuse its discretion by denying both Rossberg's request for additional time to file an addendum and Rossberg's petition. We therefore affirm.

I.

In 2013, a Wright County judge presided at Rossberg's jury trial for the murder of Devan Hawkinson.[1]  The jury found Rossberg guilty of first-degree premeditated murder, Minn. Stat. § 609.185(a)(1) (2014).

Rossberg appealed his conviction to our court.  *State v. Rossberg*, 851 N.W.2d 609, 612 (Minn. 2014).  In addition to raising arguments with the assistance of counsel, *see id.* at 615, 617-19, Rossberg filed a supplemental pro se brief challenging his conviction on several other grounds, *id.* at 619 & n.2.  We affirmed Rossberg's conviction in August 2014.  *Id.* at 620.  In reaching our decision, we declined to consider Rossberg's pro se claims because they "consist[ed] of factual assertions with no support in the record and conclusory declarations detached from any legal reasoning."  *Id.* at 619-20.

In June 2015, Rossberg filed a pro se petition for postconviction relief in Wright County District Court.  *See* Minn. Stat. § 590.01, subd. 1 (2014).  The petition raised several legal claims without providing factual support for any of them.[2]  Rossberg

---

[1]  We limit our discussion to the facts relevant to the present appeal.  The facts of the murder and Rossberg's trial are set forth in *State v. Rossberg*, 851 N.W.2d 609, 612-15 (Minn. 2014).

[2]  Over the course of two pages, the petition raised the following grounds for relief: ineffective assistance of trial and appellate counsel; a violation of Rossberg's Fifth Amendment rights because of a prejudicial delay in bringing the indictment; prosecutorial misconduct during opening statements, trial, and closing arguments; "improper evidentiary rulings including violating [Rossberg's] fast and speedy rights to trial and allowing the convictions to stand on insufficient evidence gained by illegal search of residence in which a weapon was obtained which couldn't have been obtained
(Footnote continued on next page.)

3

acknowledged that his petition was "submitted without factual support" and explained that he was filing an incomplete petition in order to meet the deadline to toll the statute of limitations for federal habeas relief.

Rossberg separately moved for additional time to file an addendum that would allege the necessary factual support for his petition. In support of his motion, Rossberg claimed that he was "unable to procure proper time in the prison law library to research his issues and to find the appropriate case law." He requested 60 days to file the addendum.

The State opposed Rossberg's petition for postconviction relief. Citing *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), the State argued that all of Rossberg's claims, except for ineffective assistance of appellate counsel, were procedurally barred because Rossberg knew or should have known of the basis for his claims on direct appeal. Additionally, the State contended that Rossberg failed to allege any facts in support of his petition and that Rossberg abused the postconviction process by filing a petition for the purpose of staying the statute of limitations for federal habeas relief. The State also opposed Rossberg's motion for additional time to file an addendum, arguing that Rossberg had not provided a reasonable explanation for failing to allege the relevant facts in his petition.

---

(Footnote continued from previous page.)
legally"; and prejudicial error in admitting hearsay testimony, *Spreigl* evidence, and relationship evidence. The petition also alleged that exculpatory evidence was improperly withheld at trial and that the district court judge erred by failing to recuse herself at trial.

The same Wright County judge that had presided at Rossberg's trial was assigned to the postconviction proceeding. Rossberg moved to disqualify the postconviction judge on two grounds. Rossberg first argued that the postconviction judge should be disqualified because she had presided at his trial. Second, Rossberg alleged that disqualification was warranted because the judge had "work[ed] . . . with the [district attorney]'s office assisting in the investigation and charging [Rossberg] with [Hawkinson's] murder." Rossberg claimed that the postconviction judge had violated twelve rules of judicial conduct, but he did not allege any additional facts in support of the judge's alleged rule violations. The postconviction judge denied Rossberg's motion, explaining that Rossberg's allegations regarding her former employment were factually incorrect.[3]

The postconviction court also denied Rossberg's motion for additional time to file an addendum. Citing Minn. Stat. § 590.03 (2014), the postconviction court concluded

---

[3] Additionally, the postconviction judge observed that Rossberg did not have an automatic right to remove her from the proceeding. When addressing automatic removal, the postconviction judge erroneously cited Minn. Stat. § 542.16, subd. 1 (2014), which applies to civil matters. Because this is a criminal case, the postconviction judge should have cited Minn. R. Crim. P. 26.03, subd. 14(4), which provides a peremptory right to remove a judge without cause. *See State v. Azure*, 621 N.W.2d 721, 724 (Minn. 2001) (holding that Minn. R. Crim. P. 26.03, not Minn. Stat. § 542.16, governs removal of a judge from a criminal proceeding). Had the postconviction judge applied Minn. R. Crim. P. 26.03, subd. 14(4), to the facts in this case, however, the result would have been the same. Peremptory removal "is not effective against a judge who already presided at the trial." Minn. R. Crim. P. 26.03, subd. 14(4)(c). As we made clear in *Hooper v. State*, "[a] postconviction proceeding is an extension of the criminal prosecution." 680 N.W.2d 89, 92 (Minn. 2004). Thus, once the parties have appeared before the judge at trial, "there is no automatic removal as of right in a [subsequent] postconviction proceeding." *Id.* Because Rossberg had appeared before the same judge at trial, disqualification for cause was Rossberg's only means to obtain a different postconviction judge. *See id.*

that the decision to grant additional time to amend a petition is a matter of the court's discretion. The postconviction court reasoned that Rossberg's limited access to the prison law library did not adequately explain his failure to allege facts in support of his petition. The postconviction court subsequently denied Rossberg's petition for postconviction relief because most of his claims could have been raised on direct appeal, *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741, and all of his claims lacked factual support.

Rossberg appeals the postconviction court's denial of his petition for postconviction relief, motion for additional time to file an addendum, and motion to disqualify the postconviction judge.

## II.

### A.

We first address the denial of Rossberg's motion to disqualify the postconviction judge, which we review for an abuse of discretion. *See Hooper v. State*, 838 N.W.2d 775, 790 (Minn. 2013). A party may "request to disqualify a judge for cause" if the judge's participation in the case would violate the Code of Judicial Conduct. Minn. R. Crim. P. 26.03, subd. 14(3); *In re Jacobs*, 802 N.W.2d 748, 751 (Minn. 2011). Judicial bias is a basis for disqualification. *See Hooper v. State*, 680 N.W.2d 89, 92 (Minn. 2004). However, a petitioner's subjective belief that the judge is biased does not necessarily require disqualification. *Id.* at 93.

A motion to disqualify a judge for cause "must be heard and determined by the chief judge of the district or by the assistant chief judge if the chief judge is the subject of

6

the [motion]." Minn. R. Crim. P. 26.03, subd. 14(3); *see also State v. Finch*, 865 N.W.2d 696, 701-02 (Minn. 2015) (analyzing the rule). Here, the postconviction judge erred by failing to refer Rossberg's motion to the Chief Judge of the Tenth Judicial District. *See Finch*, 865 N.W.2d at 702. Having concluded that the postconviction judge erred, we next consider whether the error was harmless. *See id.* at 703 (holding that a harmless error standard of review applies to the failure to refer a disqualification motion to the chief judge).

B.

Reversal is warranted if the postconviction judge's failure to refer Rossberg's disqualification motion to the chief judge affected Rossberg's "substantial right to a fair hearing before a decision maker who does not appear to favor one side," *Finch*, 865 N.W.2d at 703. In his motion to disqualify, Rossberg argued that the judge could not be impartial in the postconviction proceeding for two reasons. First, the postconviction judge had presided at Rossberg's trial. Second, Rossberg alleged that the judge had been employed by the Wright County Attorney's Office when that office was investigating Hawkinson's murder.

Rossberg's first argument lacks merit. A postconviction proceeding is an extension of the criminal prosecution, and often the same judge that presided at trial also presides at the postconviction proceeding. *Cf. Hooper*, 680 N.W.2d at 92-93 (explaining that because the judge "had presided at trial . . . any subsequent postconviction proceedings would likely be assigned to her"). This practice does not—by itself— present an adequate ground for disqualification.

7

Rossberg's second argument—that the postconviction judge had been involved in the investigation of Hawkinson's murder—is not supported by the record. To the contrary, the documents attached to Rossberg's briefs establish that the postconviction judge formerly served as an attorney for the cities of Annandale and Buffalo, not the Wright County Attorney's Office.

Because Rossberg's arguments plainly do not provide a basis for disqualification, the postconviction judge's failure to refer the motion to the Chief Judge of the Tenth Judicial District did not affect Rossberg's "substantial right to a fair hearing before a decision maker who does not appear to favor one side." *See Finch*, 865 N.W.2d at 703. We, therefore, conclude that the failure to refer the disqualification motion to the chief judge was harmless error.

III.

We next consider the postconviction court's denial of Rossberg's petition and his motion for additional time to file an addendum to his petition, both of which are analytically related. In each instance, we apply an abuse-of-discretion standard of review. *See Matakis v. State*, 862 N.W.2d 33, 36, 40-41 (Minn. 2015). Reversal is warranted if the postconviction court "exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." *Id.* at 36 (quoting *Reed v. State*, 793 N.W.2d 725, 729 (Minn. 2010)).

A.

A petition for postconviction relief must contain a statement of the facts, the grounds on which the petition is based, and the relief sought. Minn. Stat. § 590.02,

subd. 1(1) (2014). "All grounds for relief must be stated in the petition or any amendment thereof unless they could not reasonably have been set forth therein." *Id.*[4] It is the petitioner's burden to allege facts that entitle him to relief. *Carridine v. State*, 867 N.W.2d 488, 492 (Minn. 2015). Although a petition for postconviction relief is "liberally construe[d]," when no facts are alleged in the petition, the postconviction court can only conclude that the facts are undisputed. *Matakis*, 862 N.W.2d at 37. Unsupported claims are forfeited and will not be considered "unless prejudicial error is obvious on mere inspection." *Rossberg*, 851 N.W.2d at 620 (quoting *Kaehler v. Kaehler*, 219 Minn. 536, 537, 18 N.W.2d 312, 313 (1945)).

The postconviction court "may at any time prior to its decision on the merits permit a withdrawal of the petition, may permit amendments thereto, and to the answer." Minn. Stat. § 590.03. But when a petition simply lists legal claims without alleging supporting facts, a postconviction court does not abuse its discretion by denying the petition without granting additional time to provide further documentation. *Matakis*, 862 N.W.2d at 39-41.

## B.

Rossberg acknowledged in his postconviction petition that he did not include factual support for the requested relief. Rossberg sought additional time to file an

---

[4]  Rossberg disputes the postconviction court's characterization of his motion as one to *amend* his petition, rather than a motion for additional time to file an addendum. We conclude that Rossberg's motion was the functional equivalent of a motion to amend his petition and, therefore, was subject to the provisions in Minn. Stat. §§ 590.02-.03 (2014) regarding petition amendments.

addendum because, he claimed, his access to the prison law library was limited. But the postconviction relief statute requires the petition to include allegations of *fact*, not citations to legal authority. *See* Minn. Stat. § 590.02, subd. 1(1). Rossberg has not explained why he was unable to state the facts underlying his claims. Accordingly, the postconviction court did not abuse its discretion by denying Rossberg's motion for additional time to file an addendum.

For the same reason, we affirm the postconviction court's denial of Rossberg's petition. Because Rossberg's postconviction petition consisted of conclusory allegations without factual support, the petition failed to satisfy the requirements of the postconviction statute. *See id.* Moreover, our review of the record has not disclosed any facts that support Rossberg's claims. Therefore, the postconviction court's denial of Rossberg's petition was not an abuse of discretion.

V.

In summary, the postconviction judge erred by failing to refer to the Chief Judge of the Tenth Judicial District Rossberg's motion to disqualify. This error was harmless, however, because Rossberg's arguments in support of his motion plainly lacked merit. Also, because Rossberg failed to allege any facts in support of his postconviction claims, the postconviction court did not abuse its discretion by denying Rossberg's petition for postconviction relief and motion for additional time to file an addendum.

Affirmed.