McKEIG, Justice.
Appellant Keith Richard Rossberg moved to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9, alleging that his sentence for first-degree murder is unlawful and he is entitled to resentencing for second-degree murder. The district court construed Rossberg's filing as a petition for postconviction relief, rather than a motion to correct his sentence, and summarily denied postconviction relief without an evidentiary hearing. We affirm.
FACTS
Rossberg challenges the sentence that he received for murdering Devan Hawkinson in 2011.[1] A jury found Rossberg guilty *8 of first-degree premeditated murder, in violation of Minn. Stat. § 609.185(a)(1) (2018), and second-degree murder, in violation of Minn. Stat. § 609.19, subd. 1(1) (2018). The district court convicted Rossberg of first-degree premeditated murder and sentenced him to life in prison without the possibility of release. Rossberg filed a direct appeal, and we affirmed his conviction. State v. Rossberg , 851 N.W.2d 609 (Minn. 2014). In 2015, Rossberg filed a petition for postconviction relief and a motion to disqualify the postconviction judge. The postconviction court denied Rossberg's motion and summarily denied Rossberg's petition, and we affirmed. Rossberg v. State , 874 N.W.2d 786 (Minn. 2016).
In December 2018, Rossberg filed a motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9. The district court determined that the motion fell outside the scope of Rule 27.03 because it relied on Minn. Stat. § 611.02 (2018) (a statutory provision governing convictions), and, therefore, implicated more than just his sentence. The district court then construed Rossberg's motion as a petition for postconviction relief under Minn. Stat. § 590.01 (2018), and summarily denied the petition without an evidentiary hearing because the petition was untimely and did not allege facts that, if proven at an evidentiary hearing, would satisfy an exception to the 2-year statute of limitations. This appeal follows.
ANALYSIS
I.
Rossberg filed a document that he captioned as a "[m]otion of [c]orrection or [r]eduction of [s]entence." Minnesota Rule of Criminal Procedure 27.03 authorizes a court "at any time [to] correct a sentence not authorized by law." Id. , subd. 9. A sentence is unauthorized if it is "contrary to law or applicable statutes." State v. Schnagl , 859 N.W.2d 297, 301 (Minn. 2015). Rule 27.03, subdivision 9 "is limited to sentences, and the court's authority under the rule is restricted to modifying a sentence." State v. Coles , 862 N.W.2d 477, 480 (Minn. 2015). A claim that implicates more than a defendant's sentence does not fall within the scope of Rule 27.03, subdivision 9. Coles , 862 N.W.2d at 480, 482. Thus, a petitioner may not bring "what is, in substance, a challenge to a criminal conviction" under Rule 27.03, subdivision 9. Johnson v. State , 877 N.W.2d 776, 778 (Minn. 2016) (quoting Wayne v. State , 870 N.W.2d 389, 391 (Minn. 2015) ).
Rossberg argues that the district court improperly construed his motion to correct his sentence as a petition for postconviction relief. Relying on Minn. Stat. § 611.02, Rossberg contends that his sentence is unlawful and he is entitled to resentencing on the lesser offense of second-degree murder.[2]
*9 Section 611.02 sets forth the presumption that a criminal defendant is innocent until proven guilty beyond a reasonable doubt and provides that "when an offense has been proved against the defendant, and there exists a reasonable doubt as to which of two or more degrees the defendant is guilty, the defendant shall be convicted only of the lowest." Id. (emphasis added). It is well-established that section 611.02 "relate[s] to convictions and not sentences ...." Munt v. State , 920 N.W.2d 410, 415 (Minn. 2018). The " 'exclusive remedy for review' " of a conviction is a petition for postconviction relief, not a motion under Rule 27.03, subdivision 9. Wayne , 870 N.W.2d at 391 (quoting Johnson v. State , 801 N.W.2d 173, 176 (Minn. 2011) ). Accordingly, the district court did not err in considering Rossberg's claim under section 611.02, which implicated more than just his sentence, within the confines of the postconviction statute. See Coles , 862 N.W.2d at 480 (stating that courts may address "a request to correct a sentence purportedly brought under Rule 27.03 as a petition for postconviction relief").
II.
Having determined that the district court did not err in treating Rossberg's motion as a petition for postconviction relief, we consider next whether the court erred in summarily denying the motion. We review a summary denial of postconviction relief for an abuse of discretion, and will not reverse the district court unless it erred in its application of the law or made factual findings that were clearly erroneous. Andersen v. State , 913 N.W.2d 417, 422 (Minn. 2018). A district court must hold an evidentiary hearing unless "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief ...." Minn. Stat. § 590.04, subd. 1 (2018). But a court need not hold an evidentiary hearing when the petitioner alleges facts that, if true, are legally insufficient to entitle him to the requested relief. State v. Mosley , 895 N.W.2d 585, 591 (Minn. 2017). Accordingly, a postconviction court may summarily deny a claim that is untimely under the 2-year statute of limitations. Colbert v. State , 870 N.W.2d 616, 622 (Minn. 2015).
A petition is untimely if filed more than 2 years after the later of either entry of judgment of conviction or sentence if no direct appeal is filed, or disposition of the petitioner's direct appeal by an appellate court. Minn. Stat. § 590.01, subd. 4(a)(1)-(2). Rossberg's December 2018 petition is plainly untimely because it was filed more than 4 years after we affirmed his conviction in August 2014. Rossberg , 851 N.W.2d at 620.
Nonetheless, Rossberg argues that his petition satisfies the interests-of-justice exception to the 2-year statute of limitations, which requires that "the petitioner establish[ ] to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5). "[T]he interests-of-justice referred to in subdivision 4(b)(5) relate to the reason the petition was filed after the 2-year time limit ... not the substantive claims in the petition." Sanchez v. State , 816 N.W.2d 550, 557 (Minn. 2012) (emphasis in original). A petitioner "must allege an injustice that caused the delay in filing the petition." Hooper v. State , 888 N.W.2d 138, 142 (Minn. 2016).
Even when liberally construed, Rossberg's petition does not allege any facts explaining the reason for his delay in filing *10 his petition, much less a reason that satisfies the interests-of-justice exception. See Andersen , 913 N.W.2d at 428 (viewing the facts in the light most favorable to the petitioner and holding that they "fail to establish an injustice that delayed the filing of [the] ... petition"); see also Minn. Stat. § 590.03 (2018) ("The court shall liberally construe the petition and any amendments thereto and shall look to the substance thereof and waive any irregularities or defects in form."). Therefore, we hold that the district court did not abuse its discretion in summarily denying Rossberg's request for postconviction relief because, even if the facts alleged in Rossberg's petition were true, they are legally insufficient to entitle him to the requested relief.
CONCLUSION
For the foregoing reasons, we affirm the decision of the district court.
Affirmed.

A detailed description of the facts underlying Rossberg's conviction can be found in our decision in Rossberg's direct appeal. State v. Rossberg , 851 N.W.2d 609, 612-15 (Minn. 2014).

Citing the district court's inconsistent use of the word "conviction" in its order summarily denying Rossberg's petition, Rossberg claims that his sentence must be corrected because he was erroneously convicted of both first- and second-degree murder in violation of Minn. Stat. § 609.04, subd. 1 (2018), which prohibits a criminal defendant from being convicted of a crime and the lesser included offense of that crime. Rossberg was not convicted of both first and second-degree murder, though. A criminal defendant is convicted of a crime after either "(1) a plea of guilty; or (2) a verdict of guilty by a jury or a finding of guilty by the court" that is then "accepted and recorded by the court. " Minn. Stat. § 609.02, subd. 5 (2018) (emphasis added). The jury returned two guilty verdicts: one for first-degree premeditated murder and another for second-degree murder. A guilty verdict does not become a conviction until it is "accepted and recorded by the court." Id. The judgment and warrant of commitment, contained in the record, plainly states that the district court convicted Rossberg of only first-degree murder.