STATE OF MINNESOTA

IN SUPREME COURT

A23-0915

Hennepin County                                                                                    Chutich, J.

Ronald Lewis Greer,

                      Appellant,

vs.                                                                          Filed: February 7, 2024
                                                                         Office of Appellate Courts
State of Minnesota,

                      Respondent.

_____

Ronald L. Greer, Moose Lake, Minnesota, pro se.

Keith Ellison, Attorney General, Saint Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Anna R. Light, Assistant County Attorney, Minneapolis, Minnesota, for respondent.

_____

S Y L L A B U S

The district court did not abuse its discretion in summarily denying appellant's petition for postconviction relief when the petition was time-barred under Minnesota Statutes section 590.01, subdivision 4 (2022).

Affirmed.

Considered and decided by the court without oral argument.

1

OPINION

CHUTICH, Justice.

In this postconviction proceeding, appellant Ronald Lewis Greer challenges his conviction of first-degree murder. The district court denied Greer's petition without a hearing, and Greer appealed. Because the petition is time-barred, we affirm.

**FACTS**

Just after midnight on July 26, 1998, Kareem Brown was shot and killed in south Minneapolis. *State v. Greer* (*Greer I*), 635 N.W.2d 82, 85 (Minn. 2001). At least five witnesses implicated Greer in Brown's murder, and, after his arrest, Greer made several incriminating statements to the police. *Id.* at 85–86. On October 15, 1998, a grand jury indicted Greer, charging him with one count of first-degree murder and one count of second-degree murder in connection with Brown's death.[1]

At trial, the State argued that Greer murdered Brown in retaliation for an alleged theft. *Id.* at 85. In his defense, Greer claimed that he was at a friend's house when Brown was killed, and he named a different man as the shooter. *Id.* On May 13, 1999, a jury found Greer guilty of first- and second-degree murder. The district court convicted Greer of both offenses and sentenced him to life in prison. In October 1999, the district court filed a corrected judgment to reflect that Greer was only sentenced on the first-degree murder conviction, stating "Count 2 merged."

---

[1] For a more detailed recitation of the facts surrounding Brown's death and Greer's conviction, see *Greer I*, 635 N.W.2d at 85–87. Here, we limit our discussion to those facts relevant to the petition.

On direct appeal, we rejected three of Greer's arguments as meritless, but we remanded his fourth argument to the chief judge of the judicial district to determine whether a *Schwartz* hearing[2] was required to evaluate the propriety of the district court judge's *ex parte* contacts with jurors. *Id.* at 92–94. The case returned to us after remand, and we concluded that the way the chief judge conducted the *Schwartz* hearing was not an abuse of discretion and affirmed the order denying Greer a new trial. *State v. Greer* (*Greer II*), 662 N.W.2d 121, 123–25 (Minn. 2003). Over the next decade, Greer filed three petitions for postconviction relief. The district court denied each, and we affirmed each denial. *Greer v. State* (*Greer III*), 673 N.W.2d 151, 157 (Minn. 2004) (affirming the denial of Greer's first petition); *Greer v. State* (*Greer IV*), 836 N.W.2d 520, 523 (Minn. 2013) (consolidating, and affirming the denial of, Greer's second and third petitions).[3]

In 2021, Greer filed a motion to correct his sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9. He advanced several reasons why his sentence was unlawful, including that he was sentenced to two degrees of the same crime in violation of Minnesota Statutes section 609.035, subdivision 1 (2020). Although the district court granted Greer's motion in part, vacating his second-degree murder conviction, it did so

---

[2]     A *Schwartz* hearing takes place if jury impartiality is questioned. *Schwartz v. Minneapolis Suburban Bus Co.*, 104 N.W.2d 301, 303 (Minn. 1960). During the hearing, juror examination occurs on the record, with counsel present for all parties. *Id.* The hearing's purpose is to determine whether misconduct influenced the jury's verdict. *Id.*

[3]     Greer also filed a motion to correct his sentence in 2014, requesting 276 days of jail credit against his life sentence for time spent in pretrial custody. The district court granted that motion.

under Minnesota Statutes section 609.04 (2020).[4] Greer appealed, claiming in part that the court erred in failing to hold a sentencing hearing when it vacated his second-degree murder conviction. *Greer v. State* (*Greer V*), 973 N.W.2d 918, 922 (Minn. 2022). We affirmed, holding that no hearing was required because the district court's order "neither imposed an initial sentence, nor modified the previously imposed life sentence." *Id.* at 924–25.

In February 2023, Greer filed this fourth petition for postconviction relief, asking the district court to vacate his first-degree murder conviction, reinstate his previously vacated second-degree murder conviction, and resentence him accordingly. The State countered that Greer's petition is time-barred under Minnesota Statutes section 590.01, subdivision 4(a) (2022), procedurally barred under the rule announced in *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976),[5] and meritless. The district court summarily denied Greer's petition, finding his claims time-barred by statute and, alternatively, procedurally barred under *Knaffla*. Because Greer's allegations failed to establish his entitlement to relief, the district court declined to hold an evidentiary hearing.

Greer then brought this appeal.

---

[4]  In response to Greer's motion, the State acknowledged an error, not raised by Greer, that the district court *convicted* Greer of both first- and second-degree murder, in violation of Minnesota Statutes section 609.04, which permits a defendant to be " 'convicted of either the crime charged or an included offense, but not both.' " *Greer v. State* (*Greer V*), 973 N.W.2d 918, 921 (Minn. 2022) (quoting Minn. Stat. § 609.04). The State noted that section 609.04 is related to Minnesota Statutes section 609.035, subd. 1, which prohibits sentencing a defendant more than once for a single behavioral incident. *Id.*

[5]  In *Knaffla*, we held that after a defendant has directly appealed their conviction, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." 243 N.W.2d at 741.

## ANALYSIS

Minnesota's postconviction statute requires that courts "liberally construe" postconviction petitions and "look to the substance thereof and waive any irregularities or defects in form." Minn. Stat. § 590.03 (2022). Similarly, courts should read pro se petitions "with an understanding eye." *Jackson v. State*, 919 N.W.2d 470, 472–73 (Minn. 2018) (citation omitted) (internal quotation marks omitted).

We interpret Greer's petition in light of these principles. Greer claims that he is entitled to postconviction relief under Minnesota Statutes sections 609.04 and 611.02 (2022). Section 609.04 provides that a defendant "may be convicted of either the crime charged or an included offense, but not both" and defines "included offense" as "a lesser degree of the same crime." Minn. Stat. § 609.04, subd. 1. Section 611.02 provides that "when an offense has been proved against the defendant, and there exists a reasonable doubt as to which of two or more degrees the defendant is guilty, the defendant shall be convicted only of the lowest." Minn. Stat. § 611.02. Greer claims that these statutes require that his conviction and sentence for first-degree murder be vacated, and that his second-degree murder conviction be reinstated. He posits that our obligation to apply the "most favorable" standard of review in assessing his postconviction claims further supports his petition.

We review the summary denial of postconviction relief for an abuse of discretion and reverse only if the district court erred in its application of law or made clearly erroneous factual findings. *Rossberg v. State*, 932 N.W.2d 6, 9 (Minn. 2019). The district court must hold an evidentiary hearing unless "the petition and the files and records of the proceeding

5

conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2022). "Accordingly, a postconviction court may summarily deny a claim that is untimely under the 2-year statute of limitations." *Rossberg*, 932 N.W.2d at 9 (citing *Colbert v. State*, 870 N.W.2d 616, 622 (Minn. 2015)). Because we conclude that the district court properly applied the statutory time-bar in section 590.01, subdivision 4 (2022), to Greer's petition, we do not address whether Greer's claims are also barred by *Knaffla* and have no need to reach the merits of Greer's claims.

Minnesota Statutes section 590.01, subdivision 4(a), limits a petitioner's time to seek postconviction relief. A petition is untimely if filed "more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a)(1)–(2). This statutory, 2-year time limit took effect on August 1, 2005. For petitioners like Greer, whose conviction for first-degree murder became final before that date, "the deadline for filing a petition for postconviction relief was July 31, 2007." *Greer IV*, 836 N.W.2d at 522 (citing Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1098).[6]

There are exceptions to the 2-year time-bar. *See* Minn. Stat. § 590.01, subd. 4(b) (listing five exceptions to the time-bar). For example, the time-bar does not apply where "a petitioner's disability prevents a timely petition, where newly discovered scientific

---

[6] The Act specifies: "This section is effective August 1, 2005. Any person whose conviction became final before August 1, 2005, shall have two years after the effective date of this act to file a petition for postconviction relief." Act of June 2, 2005, ch. 136, § 13, 2005 Minn. Laws 901, 1908.

evidence clearly and convincingly establishes innocence, where a change in the law applies to the petitioner's case, or where 'the petition is not frivolous and is in the interests of justice.' " *Moua v. State*, 778 N.W.2d 286, 288 (Minn. 2010) (quoting Minn. Stat. § 590.01, subd. 4(b) (2008)). "But if the petitioner does not invoke any of the exceptions, we need not consider them." *Griffin v. State*, 941 N.W.2d 404, 410 (Minn. 2020) (citing *Clifton v. State*, 830 N.W.2d 434, 438 n.2 (Minn. 2013)). Additionally, a petition invoking an exception "must be filed within two years of the date the claim arises," Minn. Stat. § 590.01, subd. 4(c), determined by when a petitioner "knew or should have known" the claim existed. *See Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012).

Applying these statutory provisions here shows that Greer's fourth petition for postconviction relief is time-barred. On direct appeal, we affirmed Greer's conviction for first-degree murder on May 29, 2003. *Greer II*, 662 N.W.2d at 121–22. The conviction became final 90 days thereafter. *See Berkovitz v. State*, 826 N.W.2d 203, 207 (Minn. 2013) ("When an appellant does not file a petition for certiorari with the Supreme Court of the United States following our decision on direct appeal, the appellant's conviction becomes 'final' 90 days after our decision for purposes of Minn. Stat. § 590.01, subd. 4(a)(2)."); *Moua*, 778 N.W.2d at 288 ("Moua's direct appeal was decided on April 22, 2004. His conviction became final 90 days thereafter. Because his conviction was final before August 1, 2005, Moua had until July 31, 2007—two years after the effective date of the amending act—to file his petition for postconviction relief." (citations omitted)).

Because Greer's conviction for first-degree murder became final before August 1, 2005, he had until July 31, 2007, to bring a postconviction relief petition. *Greer IV*,

7

836 N.W.2d at 522. But Greer filed his February 2023 petition approximately 16 years after his statutory filing deadline expired. *See id.* ("The petitions Greer filed in May 2012 and August 2012 were brought approximately five years after the deadline in subdivision 4(a) had expired."). Nor does Greer raise an exception to the time-bar. And even if Greer had raised an exception, any such claim likely arose more than 2 years ago, meaning it would also be barred. *See id.* at 523 (rejecting Greer's interests-of-justice claim because it "arose more than two years before he filed his petitions for postconviction relief").

Greer claims, however, that when the district court vacated his second-degree murder conviction in 2021, that order was the final disposition of his case. He argues that this order provided him an additional 2 years within which to bring a petition for postconviction relief. We disagree.

As we recognized in *Greer V*, the district court's 2021 order vacating Greer's second-degree murder conviction merely clarified a 1999 order that sought to achieve the same disposition. 973 N.W.2d at 925. In the 2021 order, the district court "order[ed] that the record accurately reflect that [Greer's] sentence and conviction on Count 2, Murder in the 2nd Degree-Intentional, are vacated. The guilty verdict for Count 2 shall remain intact and a disposition of no adjudication, pursuant to Minn. Stat. § 609.04, shall be entered."

On appeal, we defined that order's contours, stating:

> The August 2021 order simply clarified the disposition intended by the district court when it used the language "Count 2 merged" in its October 1999 order: specifically, that the conviction for the lesser-included offense of second-degree intentional murder be vacated. . . . [T]he August 2021 order neither imposed an initial sentence, nor modified the previously imposed life sentence for the conviction of first-degree premeditated murder[.]

8

*Greer V*, 973 N.W.2d at 925. Thus, Greer's claim that the district court's 2021 order finalized his conviction for postconviction relief purposes is unavailing.

In sum, Greer's time to file a petition for postconviction relief ended on July 31, 2007, none of the statutory exceptions apply, and there is no merit to his claim that his time to file restarted in August 2021. Consequently, the district court did not abuse its discretion in summarily denying Greer's petition as time-barred because his allegations, even taken as true, are legally insufficient to justify relief.[7]

## CONCLUSION

For the foregoing reasons, we affirm the decision of the district court.

Affirmed.

---

[7] Because Greer's petition is time-barred, we need not reach the merits of his claim. We note, however, that even if his petition were not time-barred, section 611.02 offers him no relief. Greer alleges that he should be convicted of only second-degree, rather than first-degree, murder based on section 611.02's text. This section provides: "[W]hen an offense has been proved against the defendant, and there exists a reasonable doubt as to which of two or more degrees the defendant is guilty, the defendant shall be convicted only of the lowest." Minn. Stat. § 611.02.

This provision applies only when "there exists a reasonable doubt" as to the defendant's guilt. It does not, as Greer suggests, require a district court to enter a conviction for only the lowest offense when a jury returns guilty verdicts for a greater *and* lesser-included crime. Here, the jury returned guilty verdicts against Greer for first- and second-degree murder. No reasonable doubt existed as to his guilt for either offense, and the district court properly entered a conviction for the greater offense.