*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1599**

Arnold Fritzroy CoCo James, Jr., petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 23, 2016
Affirmed
Reyes, Judge**

Nicollet County District Court
File No. 52CR08113

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michelle Zehnder Fischer, Nicollet County Attorney, Jennifer L. Cooklock, Assistant County Attorney, St. Peter, Minnesota (for respondent)

        Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Tracy Smith, Judge.

UNPUBLISHED OPINION

**REYES**, Judge

Appellant argues that the district court abused its discretion by denying his petition for postconviction relief on the basis that his claim under the interests-of-justice exception was untimely and lacked substantive merit. We affirm.

## FACTS

On February 8, 2008, appellant Arnold Fritzroy CoCo James, Jr. disciplined his son, K.J., by hitting him on the buttocks several times with a 28-inch long wooden stick. K.J.'s buttocks was bruised from this discipline. Appellant was charged with malicious punishment of a child and misdemeanor domestic assault in connection with this conduct.

On September 12, 2008, the state filed a motion in limine to preclude reference to K.J.'s "delinquent acts." Appellant opposed the state's motion and, in particular, sought to introduce evidence of K.J.'s sexual misconduct. On February 10, 2009, the district court ruled that (1) evidence of K.J.'s delinquent or other inappropriate acts that occurred after the incident were inadmissible; (2) evidence that K.J. was on probation at the time of the incident and the number of illegal acts K.J. committed prior to the incident were admissible if the parties could agree on the number of illegal acts before trial, but further inquiry into the nature of K.J.'s illegal acts was not permitted, including inquiry into K.J.'s alleged sexual misconduct; and (3) evidence of K.J.'s acts that preceded the incident and that were inappropriate but not illegal were admissible.

On February 20, 2009, prior to the start of trial, the parties met with the judge in chambers. Following that meeting, the district court supplemented its February 10

2

decision with a ruling on the record to memorialize the in-chambers discussion. The district court noted that the parties were unable to reach an agreement on the number of illegal acts committed by K.J. The district court reiterated its ruling that K.J.'s alleged sexual misconduct was inadmissible but permitted the defense to provide testimony regarding K.J.'s involvement in the following acts of misconduct: slashing tires, damaging a tree, and engaging in disorderly conduct at school. The district court prohibited the admission of other acts of misconduct by K.J. because appellant failed to provide sufficiently detailed information to substantiate those acts.

The jury found appellant guilty of both counts. On March 31, 2009, the district court entered a judgment of conviction for both offenses, sentenced appellant to 365 days in jail, and imposed a $3,000 fine. The court stayed the jail time and $2,100 of the fine and placed appellant on supervised probation for two years.

On August 14, 2014, appellant filed a petition for postconviction relief under the interests-of-justice exception to the statutory time bar for postconviction relief. The state opposed appellant's postconviction petition. On August 7, 2015, the district court denied appellant's request for postconviction relief. This appeal follows.

## DECISION

A person convicted of a crime who claims that the conviction violates his rights under the Constitution or laws of the United States or Minnesota may petition for postconviction relief unless direct appellate relief is available. Minn. Stat. § 590.01, subd. 1 (2014). The petition must include "a statement of the facts and the grounds upon which the petition is based and the relief desired." Minn. Stat. § 590.02, subd. 1(1)

3

(2014).  A petitioner is entitled to a hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief."  Minn. Stat. § 590.04, subd. 1 (2014).

A petition for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal."  Minn. Stat. § 590.01, subd. 4(a) (2014).  A petition filed after the two-year time limit may nevertheless be considered if it satisfies one of five statutory exceptions, including the interests-of-justice exception.  *See id.*, subd. 4(b) (2014).  If an exception applies, the petition must be filed within two years of the date the claim arises.  *Id.*, subd. 4(c) (2014).  Courts apply an objective standard to determine when an interests-of-justice claim arises.  *Greer v. State*, 836 N.W.2d 520, 522 (Minn. 2013).  A claim thus "arises when the petitioner knew or should have known that he had a claim."  *Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012).

If the petitioner does not demonstrate that an exception applies and that application of the exception is timely, the postconviction court may summarily deny the petition as untimely.  Minn. Stat. § 590.01, subd. 4(b); *Riley v. State*, 819 N.W.2d 162, 167-68 (Minn. 2012).  We review the denial of a postconviction petition for an abuse of discretion.  *Id.* at 167.  "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record."  *Id.* (quotation omitted).

Appellant does not dispute that his petition was untimely under Minn. Stat. § 590.01, subd. 4(a).  Rather, he contends that his petition should have been considered

4

under the interests-of-justice exception. Minn. Stat. § 590.01, subd. 4(b)(5). Appellant first asserts that the district court erroneously concluded that his interests-of-justice claim arose at the time of his sentencing and therefore was untimely. Appellant asserts that his claim arose in December 2012 and thus his claim under the interests-of-justice exception was timely because it was filed within two years of the date his claim arose.[1] We need not decide, however, whether appellant's interests-of-justice claim is timely because we conclude that it lacks substantive merit.

The interests-of-justice exception applies only in exceptional cases where a claim has substantive merit and the petitioner has not deliberately and inexcusably failed to raise the issue on direct appeal. *Roberts v. State*, 856 N.W.2d 287, 292 (Minn. App. 2014) (quoting *Gassler v. State*, 787 N.W.2d 575, 586–87 (Minn. 2010)), *review denied* (Minn. Jan. 28, 2015). The supreme court has identified a "non-exclusive list of factors to be considered" to determine whether the interests-of-justice exception applies:

> [C]ourts should weigh the degree to which the party alleging error is at fault for that error, the degree of fault assigned to the party defending the alleged error, and whether some fundamental unfairness to the defendant needs to be addressed. We have also acted in the interests of justice when necessary to protect the integrity of judicial proceedings. We have recognized, however, that under certain circumstances the *reversal* of a conviction may seriously affect the fairness, integrity, or public reputation of judicial proceedings.

*Gassler*, 787 N.W.2d at 586-87 (citations omitted).

---

[1] Appellant asserts that his claim arose on December 2012 because that is when he learned of his right to appeal at the state's expense, and he was not informed of this right at the sentencing hearing, as is required by Minn. R. Crim. P. 27.03, subd. 5.

Appellant argues that the district court's exclusion of highly probative evidence at trial denied him his right to present a complete defense and left the jury with an incomplete picture of the circumstances surrounding his disciplinary tactics. Specifically, appellant asserts that evidence of K.J.'s sexual misbehavior was necessary for the jury to determine the reasonableness of appellant's disciplinary force. We disagree.

A criminal defendant has the right to a meaningful opportunity to present a complete defense. U.S. Const. amend. XIV; Minn. Const. art. I, § 7; *State v. Andersen*, 789 N.W.2d 227, 235 (Minn. 2010). This includes a defendant's ability to present his version of the facts through witness testimony. *State v. Richardson*, 670 N.W.2d 267, 277 (Minn. 2003). But "while [a defendant] has a right to introduce evidence that helps explain his conduct to the jury, that right is not unlimited." *Andersen*, 789 N.W.2d at 235. The "constitutional right to a fair trial . . . is shaped by the rules of evidence, which are designed to assure both fairness and reliability in assessing guilt or innocence." *Id.* (quotations omitted). Under the rules of evidence, even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Minn. R. Evid. 403. "[U]nfair prejudice is evidence that persuades by illegitimate means, giving one party an unfair advantage." *State v. Bell*, 719 N.W.2d 635, 641 (Minn. 2006) (quotation omitted). We review evidentiary rulings of the district court for an abuse of discretion, "[b]ut whether an evidentiary ruling violates a defendant's constitutional rights is a question of law subject to de novo review." *Andersen*, 789 N.W.2d at 234-35.

A person is guilty of malicious punishment of a child if, as a parent, the person engages in an intentional act constituting "unreasonable force or cruel discipline that is excessive under the circumstances." Minn. Stat. § 609.377, subd. 1 (2014). When determining the scope of reasonable disciplinary force, we have considered a child's age, height, and weight; "the seriousness of the [child's] infraction; the degree of force used by the parent; and the physical impact of the discipline." *In re Welfare of Children of N.F.*, 735 N.W.2d 735, 738–39 (Minn. App. 2007), *aff'd in part*, *rev'd in part on other grounds*, 749 N.W.2d 802 (Minn. 2008).

The district court's order precluding appellant from discussing K.J.'s sexual misconduct did not unconstitutionally deprive appellant of the right to present a complete defense. The district court allowed evidence regarding K.J.'s lawful but disrespectful acts which immediately preceded the discipline in the instant case: lying, getting in trouble at school, taking food, and failing to clean his room. The court correctly noted that these acts were relevant to the reasonableness of the disciplinary force and posed a limited risk of undue prejudice. Minn. R. Evid. 403. These acts were also identified by appellant as prompting the discipline when appellant was questioned immediately following the incident. In addition, the court ultimately allowed appellant to introduce evidence of K.J.'s illegal acts that appellant proved with sufficient reliability. Specifically, the district court allowed appellant to testify regarding K.J.'s slashing tires, damaging a tree, and being on probation. The district court acknowledged that K.J.'s illegal or improper acts had some relevance to the instant case but also recognized the

danger for unfair prejudice if appellant was permitted to introduce details regarding the specific acts of misconduct.

Moreover, the district court correctly concluded that the specific nature of K.J.'s misconduct was less relevant than the fact that K.J. was having difficulty following rules and remaining law-abiding. The district court was rightfully concerned about the introduction of K.J.'s sexual misconduct because of its potential to persuade by illegitimate means. *Id.* Because the evidence of K.J.'s sexual misconduct would have been highly prejudicial, and because K.J.'s specific transgressions were less relevant than the fact that K.J. was misbehaving, the district court did not improperly exclude the evidence.

In conclusion, appellant's claim under the interests-of-justice exception lacked substantive merit. Therefore, the postconviction court did not abuse its discretion by dismissing appellant's petition for postconviction relief because he failed to meet the interests-of-justice exception and, as a result, his petition was untimely.

**Affirmed.**